```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CHARLES SANFORD,
11           Plaintiff,                No. 2:11-cv-3480 KJN P
12       vs.
13  GREG HAGWOOD, et al.,
14           Defendants.               ORDER
15  _____/
16           Plaintiff is a Plumas County Jail detainee, proceeding without counsel, in this
17  civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed an "Application to
18  Proceed in Forma Pauperis by a Prisoner," pursuant to 28 U.S.C. § 1915.  This proceeding was
19  referred to this court by Local Rule 302, and 28 U.S.C. § 636(b)(1).
20           Plaintiff's application to proceed in forma pauperis is incomplete, as he has failed
21  to include a certified copy of his jail trust account statement.  See 28 U.S.C. § 1915(a)(2).
22  Additional problems beset plaintiff's complaint.
23           The court is required to screen complaints brought by prisoners seeking relief
24  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
25  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
26  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
```

1 granted, or that seek monetary relief from a defendant who is immune from such relief.
2 28 U.S.C. § 1915A(b)(1),(2).

3       Pursuant to his complaint, plaintiff names several defendants in his challenge to
4 allegedly unsanitary conditions at the jail, for which plaintiff seeks $5,000,000.  Plaintiff
5 concedes, however, that he did not exhaust his claim in an administrative grievance at the county
6 jail.  (See Dkt. No. 1 at 2 ("I asked for a grievance form and was denied access to one.  Therefore
7 unable to complete grievance procedure.")

8       The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be
9 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
10 a prisoner confined in any jail, prison, or other correctional facility until such administrative
11 remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Pursuant to this rule, prisoners
12 must exhaust their administrative remedies regardless of the relief they seek, i.e., whether
13 injunctive relief or money damages, even though the latter is unavailable pursuant to the
14 administrative grievance process.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Failure to
15 exhaust administrative remedies, *before initiating suit*, requires dismissal of a prisoner civil
16 rights action.  See 42 U.S.C. § 1997e(a); ,McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (per
17 curiam); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  As a general rule, where it is
18 clear from the face of a plaintiff's complaint that he has not exhausted available administrative
19 remedies, the action must be dismissed.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)
20 ("[a] prisoner's concession to nonexhaustion is a valid ground for dismissal"); accord Bennett v.
21 King, 293 F.3d 1096, 1098 (9th Cir. 2002); Metoyer v. Post, 121 Fed. Appx. 749 (9th Cir. 2005).

22       However, the administrative exhaustion requirement may be waived in
23 extraordinary circumstances where a prisoner's administrative remedies are effectively
24 unavailable.  Nunez v. Duncan, 591 F.3d 1217, 1220-21, 1225-26 (9th Cir. 2010); accord
25 Martinez v. Robinson, 2010 WL 3001381, *3 (N.D. Cal. 2010) (improperly told three times that
26 his appeal was duplicative, plaintiff had no available remedy and was thus excused from further

1  exhaustion efforts); see also Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) ("improper
2  screening of an inmate's administrative grievances renders administrative remedies 'effectively
3  unavailable' such that exhaustion is not required under the PLRA").  However, unavailability
4  must be adequately demonstrated.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (the
5  obligation to exhaust persists as long as some administrative remedy is available); see also
6  Newman v. McLean, 2009 WL 688859, *6 (N.D. Cal. 2009) ("[p]laintiff did not pursue all the
7  remedies that were available since he could have appealed the alleged improper screening out of
8  the inmate appeal as being duplicative but failed to do so"); Smiley v. Martinez, 2010 WL
9  309459, *3 (N.D. Cal. 2010) (plaintiff did not timely challenge the screening out of his appeals
10 based on untimeliness and duplication).

         In the present case, plaintiff's assertion that the administrative grievance process
was "unavailable" to him is unconvincing.  This inadequacy requires dismissal of the complaint.
However, as a matter of caution, the court will grant plaintiff leave to file an amended complaint
that demonstrates the unavailability of plaintiff's administrative remedies, together with a
certified copy of plaintiff's jail trust account statement, in support of plaintiff's application to
proceed in forma pauperis.  Plaintiff is cautioned, however, that the complaint, even if properly
amended, may later be subject to a motion to dismiss for failure to exhaust administrative
remedies.  Alternatively, if plaintiff can now pursue his administrative remedies, he must do so;
this option would result in the dismissal of the instant action, without prejudice to plaintiff
commencing a new action based on the same allegations, pursuant to a new complaint
demonstrating administrative exhaustion.

         Accordingly,  IT IS HEREBY ORDERED that:

         1. The complaint is dismissed with leave to file, within thirty days after service of
this order, the following:  (a) an amended complaint that demonstrates the unavailability of
plaintiff's administrative remedies; and (b) a certified copy of plaintiff's jail trust account
statement.

2. Alternatively, plaintiff may inform the court that he is now pursuing his administrative remedies, and request dismissal of the instant action without prejudice.

3. Failure of plaintiff to timely comply with this order will result in dismissal of this action without prejudice.

SO ORDERED.

DATED: January 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sanf3480.scrn.ord